IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BELYEW, | No. 2:18-CV-2269-DMC-P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, brings what has been construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the written consent of all parties (ECF Nos. 4 and 3), this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is Respondent's motion to dismiss the petition (ECF No. 12) under Younger v. Harris because Petitioner's conviction is not yet final in state court.

///

///

///

///

1

# I. BACKGROUND

Petitioner was convicted in Butte County Superior Court for assault with a deadly weapon and injuring a spouse. ECF No. 1 at 1. On April 4, 2018, Petitioner was sentenced to a determinate state prison term of seven years. ECF No. 14-1. Petitioner has filed an appeal of her conviction and sentence in the California Court of Appeal, Third Appellate District. ECF No. 14-2. Petitioner's appeal is still pending at the state court of appeal awaiting briefing. Id.

The record indicates Petitioner filed no habeas petitions in the California state courts. On August 17, 2018, Petitioner filed what is docketed as a petition for writ of habeas corpus. ECF No. 1. This document, however is entitled, "Motion for Release on Own Recognizance Pending Appeal", and seeks a court order releasing her from custody while her appeal is pending before the California Court of Appeal. Respondent filed a motion to dismiss on November 5, 2018, arguing the petition should be dismissed under Younger v. Harris because Petitioner's conviction is not yet final in state court, and that Petitioner's request for release under 18 U.S.C. § 3143 should be denied.

# II. DISCUSSION

This case presents some procedural and substantive obstacles. The document docketed as Petitioner's petition for writ of habeas corpus never states the words "habeas corpus" or invokes § 2254. Rather, the document is simply a motion for the district court to order Petitioner released from state court custody, pending the resolution of her state court appeal. Best construed, this document seems to be a habeas petition seeking release from state custody for what is alleged to be an unlawful conviction and sentence. However, as Respondent properly notes, the "People of the State of California" are not a proper respondent. Given that Respondent does not raise this as a basis for dismissal, the Court will look only to the arguments raised in analyzing whether dismissal is proper. For that reason, this Court begins in analysis within the habeas framework and the doctrine of Younger abstention.

///
///

Federal courts generally may not enjoin ongoing state criminal proceedings. Younger v. Harris, 401 U.S. 37 (1971). This abstention principle has been applied to collateral attacks on convictions. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973). The Ninth Circuit in Drury v. Cox, 457 F.2d 764, 764–65 (9th Cir. 1972) (*per curiam*), stated that "[o]ur reading of Younger v. Harris convinces us that only in the most unusual circumstances is a defendant entitled to have federal interposition by way of … habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. Apparent finality of one issue is not enough." Younger applies if the state proceeding (1) is currently pending; (2) involves an important state interest; and (3) affords the petitioner an adequate opportunity to raise constitutional claims. See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The inquiry is triggered "when the relief sought in federal court would in some manner directly 'interfere with' ongoing state proceedings." Gilbertson v. Albright, 381 F.3d 965, 976 (9th Cir. 2004).

The relief sought in this case—an order releasing Petitioner from custody on her own recognizance—would directly interfere with an ongoing state criminal case as it would, in practical terms, reverse a state court determination declining to release Petitioner on her own recognizance. This interference within an ongoing state criminal case triggers the Younger inquiry. Thus, this Court turns to the three prongs of the Younger test to determine if abstention applies. First, in this case, there is a state proceeding currently pending in the California Court of Appeal, Third Appellate district. ECF No. 14-2. These state court proceedings began prior to the filing of this action and as such the first prong of Younger is met. See Wiener v. County of San Diego, 23 F.3d 263, 266 (9th Cir. 1994) (holding "[t]he critical question is not whether the state proceedings are still 'ongoing' but whether the state proceedings were under way *before initiation* of the federal proceedings") (emphasis added; internal quotes omitted). Second, the pending state proceeding involves the appeal of a state court criminal conviction and seven-year state court prison sentence as unlawful. For that reason, as Respondent correctly points out, this case involves an important state interest in correcting alleged violations of a defendant's rights and, as such, the second prong of the Younger test is met. See Koerner v. Grigas, 328 F.3d 1039,

1046 (9th Cir. 2003). Third, the California Court of Appeal and California Supreme Court are adequate forums in which Petitioner can pursues her claims, thus the third prong of <u>Younger</u> is met. See <u>Pennzoil Co. v. Texico, Inc.</u>, 481 US 1, 15 (1987). Because the three-prong inquiry under <u>Younger</u> is met abstention applies and the case must be dismissed.

Because <u>Younger</u> compels dismissal in this case the Court declines to reach the issue related to this Court's authority to grant an order of release to a state prisoner in a pending state court action. The Court does, however, note extreme skepticism that such authority exists. This skepticism is heightened by the fact the Ninth Circuit has not yet determined whether a federal district court has the authority to release a state prisoner on bail pending resolution of a habeas proceeding brought *after* the completion of a state court action much less such authority to do so *before* the completion of a state court action. See <u>In re Roe</u>, 257 F.3d 1077, 1079–1080 (9th Cir.2001).

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" <u>Morris v. Woodford</u>, 229 F.3d 775, 780 (9th Cir. 2000) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)). For the reasons

set forth above, the court finds that issuance of a certificate of appealability is not warranted in this case.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 12) is granted;
2. The court declines to issue a certificate of appealability; and
3. The Clerk of Court is directed to enter judgment and close this file.

Dated: June 6, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE